IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2007 AUG 24 PM 4:25
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| EUGENIA BOBO-ROBERTSON, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| NORTHSIDE INDEPENDENT | § | SA07CA0699RF |
| SCHOOL DISTRICT, | § | |
| Defendant. | § | PLAINTIFF DEMANDS A JURY TRIAL. |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes EUGENIA BOBO-ROBERTSON, hereinafter referred to as Ms. Robertson or as the Plaintiff, complaining of NORTHSIDE INDEPENDENT SCHOOL DISTRICT, hereinafter referred to as NISD, the District, or the Defendant, and as and for her causes of action against the Defendant, Plaintiff would respectfully show the Court as follows:

### JURISDICTION

(1)    This is a civil action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., wherein Plaintiff alleges that her former employer, the Defendant, discriminated against her on the basis of her race and her sex, and retaliated against her for complaining about race and sex discrimination. Plaintiff also alleges that the Defendant violated the Equal Pay Act of 1963, 29 U.S.C. § 206(d). This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331 and 1343.

### VENUE

(2)    Venue of this civil action is proper in the Western District of Texas, San Antonio Division.

## PARTIES

(3) The Plaintiff, EUGENIA BOBO-ROBERTSON, is a female citizen of the United States who resides in San Antonio, Bexar County, Texas. Ms. Robertson's race is Black or African-American. At all times material and relevant hereto, Ms. Robertson was an "employee" of the Defendant Northside Independent School District, as that term is defined at 42 U.S.C. § 2000e(f).

(4) The Defendant, NORTHSIDE INDEPENDENT SCHOOL DISTRICT, is an independent school district created and organized under the laws of the State of Texas. The District owns and operates public schools in San Antonio, Bexar County, Texas. At all times material and relevant hereto, the Defendant was the Plaintiff's "employer," as that term is defined at 42 U.S.C. § 2000e(b).

For purposes of applying the provisions of 42 U.S.C. § 1981a(b), Plaintiff alleges that Defendant has, and had at all times material and relevant hereto, more than 500 employees in each of 20 or more calendar weeks.

Said Defendant may be served with summons herein by delivering the same to its Superintendent, Dr. John Folks, at 5900 Evers Road, San Antonio, Bexar County, Texas 78258-1699.

## FACTS

(5) The Plaintiff, EUGENIA BOBO-ROBERTSON, was hired by the Defendant NISD on or about June 19, 2006 as the District's HR Coordinator for Employment Support. Her immediate supervisor was Rick Gardner, Director of Auxiliary and Classified Services for the District, and his supervisor was, and is, Jim Miller, Assistant Superintendent for Human Resources. Both Mr. Gardner and Mr. Miller are White males.

2

(6)  In her position as HR Coordinator for Employment Support, Ms. Robertson performed work which was essentially the same work as had been performed by her predecessor, Mr. Bob Hampel, as Director of Compensation and Employment Support. Mr. Hampel is a White male.

(7)  Ms. Robertson was paid approximately $42,000.00 per year as HR Coordinator for Employment Support, whereas Mr. Hampel was paid approximately $61,000.00 as Director of Compensation and Employment Support.

(8)  In December of 2006, Ms. Robertson asked Mr. Gardner and Mr. Miller to consider increasing her pay, in light of the duties and responsibilities which were assigned to her as HR Coordinator for Employment Support, and in light of the amount which had been paid to Mr. Hampel for performing essentially the same duties and responsibilities as Director of Compensation and Employment Support. At that time, neither Mr. Gardner nor Mr. Miller made any attempt to distinguish the duties and responsibilities which had been performed by Mr. Hampel from the duties and responsibilities which were being performed by Ms. Robertson, nor did either of them attempt in any other way to justify the difference between Mr. Hampel's pay and Ms. Robertson's pay. Instead, Mr. Miller agreed that Ms. Robertson should be paid more and promised to either eliminate or reduce the disparity between her pay and Mr. Hampel's pay. However, months went by and no action was taken to either eliminate or reduce the disparity. Ms. Robertson's pay remained the same.

(9)  Finally, on or about March 26, 2007, Ms. Robertson submitted a formal request for reclassification of her position.

(10)  Later that same day, March 26, 2007, Mr. Gardner called Ms. Robertson into his office and berated her for allowing a group of her subordinate employees to meet with Mr. Miller on March 20, 2007, without notifying him in advance, and for requesting reclassification of her

position.

(11)   On March 27, 2007, Ms. Robertson met with Mr. Miller, at which time she addressed Mr. Gardner's behavior the previous day, and expressed her belief that she was being discriminated against on the basis of her sex and/or her race. Mr. Miller assured her that that was not the case, and that he would speak to Mr. Gardner about his behavior toward her.

(12)   On or about March 28, 2007, Ms. Robertson met again with Mr. Miller, at which time Mr. Miller berated and belittled Ms. Robertson for questioning Mr. Gardner's behavior. When Ms. Robertson attempted to speak, Mr. Miller interrupted her and told her to be quiet.

(13)   On March 30, 2007, at approximately 4:55 p.m., Ms. Robertson was presented with a memorandum, signed by Mr. Miller, in which Ms. Robertson was reprimanded for raising issues about her position title and salary, and for statements that she had allegedly made during her meeting with Rick Gardner on March 26, 2007 and her meetings with him on March 27 and March 28, 2007.

(14)   On April 2, 2007, Ms. Robertson submitted a rebuttal to Mr. Miller's reprimand memo and an Employee Complaint Form or grievance. In her rebuttal, Ms. Robertson noted that her performance had not previously been an issue with either Mr. Miller or Mr. Gardner, but had become an issue only because she had allowed her staff to discuss their concerns about Mr. Gardner with Mr. Miller and because she had requested a reclassification of her position. She also refuted the factual basis for the reprimand, but pledged to continue to perform her duties and responsibilities in a professional manner and within NISD guidelines.

(15)   In her Employee Complaint Form or grievance, Ms. Robertson complained/grieved against Rick Gardner and Jim Miller, and alleged violations of the Equal Pay Act, retaliation, harassment, adverse action and the creation of a hostile working environment. Even though she

4

requested that her grievance be heard by an impartial person, Ms. Kay Franklin, who was and is the District's Deputy Superintendent, Mr. Miller and Mr. Gardner insisted that they would hear her grievance.

(16)  On April 9, 2007, Ms. Robertson met, at Mr. Miller's direction, with Mr. Miller, Mr. Gardner, and the District's attorney, Ms. Paige Kyle, to discuss her grievance. During that meeting, which lasted approximately 2 ½ hours, Ms. Robertson was again berated by the District's attorney, Ms. Kyle, who, in effect, took over the meeting. Neither Mr. Miller nor Mr. Gardner participated to any significant extent.

(17)  At some point during Ms. Kyle's interrogation of Ms. Robertson, Ms. Robertson advised Ms. Kyle that she was not comfortable answering any further questions from Ms. Kyle without seeking counsel or representation by an attorney. At that point, the interrogation was discontinued, and the meeting ended.

(18)  Later that same day, April 9, 2007, Ms. Robertson was presented with another memo, signed by Mr. Miller, in which Ms. Robertson was advised that she was being placed on administrative leave pending further investigation of her grievance, and she was directed by Mr. Miller to provide some additional requested information by 5:00 p.m. April 13, 2007. In addition, Mr. Miller directed Ms. Robertson not to enter onto any District campus or District property without specific written authorization from him. Mr. Miller also directed her to remove her personal belongings from the worksite and to deliver her school keys to the District's Employee Relations Officer, Mr. Grantley Boxill.

(19)  On April 10, 2007, Ms. Robertson filed a charge of discrimination with the San Antonio Office of the U.S. Equal Employment Opportunity Commission (the EEOC), complaining

5

of sex discrimination, retaliation and violation of the Equal Pay Act.

(20) On April 12, 2007, Ms. Robertson consulted the undersigned counsel, and, on April 13, 2007, counsel wrote to counsel for the District, Ms. Kyle, and advised Ms. Kyle that he had been retained to represent Ms. Robertson.

(21) On or about April 26, 2007, Ms. Robertson was discharged from her employment with the Northside Independent School District, by letter signed by both Mr. Miller and Mr. Gardner.

(22) On April 30, 2007, Ms. Robertson amended her charge of discrimination, adding "race" as an additional basis of the discrimination she had complained about in her original charge, and alleging that she had been discharged on April 28, 2007 because of her race and/or her sex and because she had previously complained about race and/or sex discrimination.

(23) On June 29, 2007, the EEOC issued to Ms. Robertson a Dismissal and Notice of Rights (notice of right to sue).

(24) All jurisdictional prerequisites and conditions precedent have occurred or have been satisfied, and this civil action is being timely filed.

## CAUSES OF ACTION

(25) The Plaintiff EUGENIA BOBO-ROBERTSON alleges that the Defendant NORTHSIDE INDEPENDENT SCHOOL DISTRICT violated the Equal Pay Act of 1963, 29 U.S.C. § 206(d), by paying wages or salary to her at a rate less than that which it paid to Bob Hampel for equal work on jobs the performance of which required equal skill, effort and responsibility, and which was performed under similar working conditions. As relief from said violation, Ms. Robertson seeks to recover all remedies available to her under 29 U.S.C. § 216(b), including but not limited to (a) damages equal to the difference between the wages or salary that was paid to Bob

Hampel and the wages or salary that was paid to her, (b) an equal amount as liquidated damages, (c) attorney's fees, and (d) court costs.

(26)   The Plaintiff EUGENIA BOBO-ROBERTSON also alleges that the Defendant NORTHSIDE INDEPENDENT SCHOOL DISTRICT violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), by denying her pay equal to that of her predecessor, Mr. Hampel, and by discharging her on or about April 26, 2006, because of her race and/or her sex. As relief from said violations, Ms. Robertson seeks to recover all remedies available to her under 42 U.S.C. § 2000e-5, including but not limited to (a) reinstatement, (b) back pay, (c) front pay in lieu of reinstatement, (d) interest, (e) attorney's fees and (f) court costs, and, pursuant to 42 U.S.C. § 1981a, she also seeks to recover (g) compensatory and punitive damages.

## JURY DEMAND

(27)   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial of this civil action.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, EUGENIA BOBO-ROBERTSON, respectfully prays that summons be duly issued and served upon the Defendant, NORTHSIDE INDEPENDENT SCHOOL DISTRICT, and that, upon final hearing hereof, she shall have and recover judgment of and from said Defendant for the relief requested hereinabove, and for such other and further relief to which she may show herself justly entitled.

Respectfully submitted,

_____
GLEN D. MANGUM
State Bar No. 12903700

111 Soledad, Suite 725
San Antonio, Texas 78205-2381
Telephone No. (210) 227-3666
Telecopier No. (210) 271-9557

**ATTORNEY FOR PLAINTIFF
EUGENIA BOBO-ROBERTSON**